## (May 16, 1974)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. PAUL THOMAS SPENCE, Appellant, v. SHERIFF OF THE COUNTY OF RENSSELAER, Respondent.— Appeal from a judgment of the County Court of Rensselaer County, entered October 9, 1973, which denied petitioner's application for a writ of habeas corpus and commanded that he be turned over to the proper authorities of the Commonwealth of Virginia to answer charges in that domain. On March 26, 1973 in Justice Court for the Town of Nassau, Rensselaer County, petitioner pled guilty to a charge of hitchhiking and was thereafter sentenced to two days in the county jail. While he was so confined, a warrant charging him with being a fugitive from justice was lodged with the jailor by the

Commonwealth of Virginia and, therefore, petitioner continued to be held after the expiration of his term. On May 7, 1973 he was formally charged in County Court with being a fugitive from justice and remanded to jail where certain papers relating to his extradition, a requisition application and agent's authorization from the Governor of Virginia and an arrest warrant and agent's authorization from the Governor of New York, arrived on May 30, 1973. The following day petitioner was again brought into County Court and assigned an attorney when he declared indigency. His petition and writ of habeas corpus were thereafter prepared and verified and, on September 13, 1973, an extradition hearing was conducted. After oral argument on the points raised in the petition and the submission of memoranda of law, the court handed down a written decision which denied petitioner's writ of habeas corpus in all respects. The judgment made and entered on this decision is the subject of this appeal. Petitioner's first contention here is that the failure by both New York and Virginia to conform to the requirements of the Uniform Criminal Extradition Act should vitiate this extradition proceeding. We do not agree. Even conceding that petitioner was held illegally after his initial 30 days of confinement (cf. CPL 570.36), in that his time of commitment was not properly extended (cf. CPL 570.40), immunity from extradition is not a remedy for such detention and the subsequent extradition proceeding was not thereby vitiated (*People ex rel. Green* v. *Nenna*, 53 Misc 2d 525, affd. 24 A D 2d 936, affd. 17 N Y 2d 815). Similarly, the contention that the warrant issued by the Governor of New York was invalid because it failed to provide sufficient elaboration of the factual background of petitioner's alleged crime is without merit. The documents filed with the warrant, including the Virginia indictment, more than adequately detail the necessary facts, and our perusal of all the papers filed herein finds them to be in compliance with the Criminal Procedure Law and the principles enunciated in *Matter of Scrafford* (59 Hun 320; see, also, *People ex rel. Higley* v. *Millspaw*, 281 N. Y. 441). Furthermore, there was no delay in the preparation and filing of the various documents which would warrant the granting of the writ. Petitioner's remaining contentions are likewise without merit. They concern the legality of his detention prior to his extradition and have no effect on that proceeding itself (*People ex rel. Green* v. *Nenna, supra*). Judgment affirmed, without costs. Staley, Jr., J. P., Greenblott, Sweeney, Main and Reynolds, JJ., concur.