(February 17, 1976)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. MICHAEL KEESEE, Petitioner, v WARDEN OF THE RIKERS ISLAND ADOLESCENT DETENTION CENTER, Respondent.—In a habeas corpus proceeding, petitioner seeks to vacate a Governor's warrant for extradition to the State of Florida on the ground that it was not issued within 90 days after he was originally arrested on a fugitive warrant (see CPL 570.36, 570.40). Application denied and proceeding dismissed, without costs or disbursements. Petitioner is presently detained in Queens County pursuant to a Governor's warrant which charges that he

is a fugitive from justice in the State of Florida, having fled from that jurisdiction after having been convicted of the crime of grand larceny and having been sentenced to probation, the terms of which were broken. He was previously detained for extradition in September, 1974 on the identical charge, pursuant to a fugitive warrant. That warrant was dismissed because the Governor failed to issue a warrant within 90 days of petitioner's detention. Petitioner contends that his present detention is illegal because he was not arrested pursuant to a Governor's warrant within an aggregate of 90 days of his original arrest (see *People ex rel. Bookhardt v Warden of Rikers Is. House of Detention for Men,* NYLJ, Nov. 5, 1975, p 8, col 2). We cannot agree because, even though petitioner had been previously released, he remains a fugitive from justice within the meaning of the Federal Constitution and the statutes permitting extradition; he is not immune from extradition (see *Glavin v Warden, Connecticut State Prison,* 163 Conn 394; cf. *People ex rel. Spence v Sheriff of County of Rennsselaer,* 44 AD2d 867). Therefore, the application must be denied and the proceeding dismissed; petitioner fails to allege additional facts which might entitle him to relief. Hopkins, Acting P. J., Martuscello, Damiani, Christ and Hawkins, JJ., concur.