■ The People of the State of New York ex rel. Ernest Moree, Also Known as Eurnice Moree, Appellant, v Bernard T. Waldron, as Sheriff of the County of Schenectady, Respondent.—Appeals from separate judgments of the Supreme Court at Special Term, entered March 19, 1976 in Schenectady County, which denied writs of habeas corpus after a hearing. On January 28, 1976 the petitioner was brought before the Schenectady County Court for the purpose of extradition to the State of Florida based upon an arrest warrant from Florida and an information therefrom stating that Eurnice Moree had violated a drug statute and had escaped from jail. At this proceeding the petitioner admitted his identify and prior Florida residence. Petitioner was apprised of the charge against him, assigned an attorney and remanded to custody. On February 26, 1976 the County Court recommitted the petitioner for 60 days and adjourned the proceedings. No warrant of commitment pursuant to CPL 570.36 was issued by the County

Court in connection with the extradition proceeding before it. On February 26, 1976 a writ of habeas corpus was issued upon a petition alleging that the relator was being improperly held by the County Court because it had issued no warrant of commitment (CPL 570.36). Special Term on March 1, 1976 was informed that a warrant of extradition would be issued by the Governor on that date and, accordingly, adjourned the proceedings to March 4, 1976. On March 4, 1976 the Governor's warrant was received and Special Term dismissed the writ upon a finding that regardless of prior proceedings petitioner was now properly held by the Governor's warrant. The determination by Special Term was correct and it has been held that irregularities in the detention process prior to the issuance of a warrant by the Governor do not result in immunity from extradition (see *People ex rel. Spence v Sheriff of County of Rensselaer,* 44 AD2d 867). The record demonstrates that the detention herein complained of was not of an excessive duration and that the petitioner's rights were appropriately protected by the County Court. Accordingly, the judgment dismissing the February 26, 1976 writ of habeas corpus must be affirmed. On March 10, 1976 a second writ of habeas corpus was issued by Special Term upon a petition alleging that the demand for extradition and its supporting documents were improper in form and insufficient. The petitioner contends that the papers from Florida were not properly authenticated; however, the surrender demand is signed by the Governor of Florida and recites that the documents "are hereby certified to be authentic". This is sufficient compliance with CPL 570.08 (see *People ex rel. Levin v Warden of Women's Prison,* 188 Misc 307, 309, affd 271 App Div 951). At the hearing held by Special Term, the respondent produced a police officer from Florida who identified the petitioner as a person whom he had searched in a Florida police station whereupon he found concealed narcotics without a prescription and that the possession was a violation of the Drug Abuse Law. He arrested the petitioner upon that charge and the petitioner escaped from the police station. He stated that escape from custody violates Florida laws. At that point the respondent requested that Special Term take judicial notice of the laws of the State of Florida. The petitioner was subsequently apprehended again in Florida but failed to appear for trial on the date set for the charges herein. The petitioner's contention that probable cause for the issuance of the arrest warrant was not contained in the supporting documents and established by the testimony of the Florida police officer is without any basis on this record. The record amply establishes such probable cause. Judgments affirmed, without costs. Sweeney, J. P., Kane, Mahoney, Larkin and Herlihy, JJ., concur.