Frank C. Bowers, Jr.,
The relator has been held in this county as a fugitive from justice from the State of New Jersey upon an information charging him with being such a fugitive. By writ of habeas corpus he is challenging New York’s right to hold him.
After a hearing was held on notice to and with the District Attorney and representatives of the Bergen County, New Jersey, prosecutor’s office participating, the following facts are established to the satisfaction of this court. The relator is wanted in Bergen County, New Jersey, for the completion of proceedings relating to charges there against him for the crimes of assault with a dangerous weapon and unlawful use of a dangerous weapon. While not proved, for the purposes of this decision it is assumed these crimes are punishable in New Jersey by a term exceeding one year. A warrant was issued by the Bergen County authorities on or about August 4, 1976 for *815 the arrest of the relator. At that time the relator was incarcerated in Westchester County, New York, awaiting trial on charges that had been instituted against him there. A fugitive information based on the same facts as is the information which is the basis of this proceeding, was filed in Westchester County. The relator did not, while in Westchester, waive extradition to New Jersey. Ninety-one days then elapsed from the time of his arraignment in Westchester on the fugitive information, without the issuance of a warrant or mandate by the Governor of the State of New York. Upon defendant’s motion, the County Court of Westchester County thereupon, on November 19, 1976, dismissed the fugitive information that had been filed in that county. Nevertheless, the relator remained incarcerated in Westchester on the local charges until his acquittal after trial. His total period of incarceration in Westchester immediately preceding his arrest and incarceration in Putnam County was 19 months.
As yet, there has been no warrant issued by the Governor of the State of New York for the arrest of the relator and his delivery to the executive authority of the State of New Jersey. A request for rendition has been initiated by the Governor of New Jersey. Whatever the reason may be that New York’s Governor has not acted affirmatively upon that request, the fact remains that he has not. While it is true that the Governor of this State in his discretion may hold a demanded person until pending criminal proceedings in this State have been completed (CPL 570.44) he may exercise this discretion only after he has exerted his authority and issued his warrant. CPL 570.44 does not extend the 90-day limitation of CPL 570.36 and CPL 570.40. Thus the pendency of charges in Westchester or Putnam (a local court warrant for a felony charge is extant in Putnam) in no way vitiates the duty of the Governor of New York to act in a timely manner, nor does it extend his time to act.
The question then remaining is how many times may the time limitations of CPL article 570 be applied. The relator has been held in Putnam County on the fugitive information filed here only slightly in excess of one week. The District Attorney argues that insofar as this arrest is concerned not even the initial 30-day period of CPL 570.36 has expired. His contention is that any arrest, made such as was this one, pursuant to CPL 570.34, starts new time periods running under CPL 570.36 and CPL 570.40. This court appreciates that extradic *816 tian procedures should be interpreted in favor of a demanding State so that accused persons or convicts may not flee prosecution or punishment with impunity. Nevertheless, this court cannot see any rational basis for the thesis here expounded by the District Attorney. If the relator was held on a fugitive information for 90 days in one political subdivision of the State of New York and that information was dismissed for want of a governor’s warrant he cannot be held in another political subdivision on the same charge when a Governor’s warrant still does not exist. (See People ex rel. Bookhardt v Warden, Rikers Is., House of Detention for Men, NYLJ, Nov. 5, 1975, p 8, col 2.) To say otherwise would cause great injustice to the person held, and would torture what this court believes to be the intent of the Legislature — to afford the Governor a reasonable time to receive and act upon a request for rendition — no longer than 90 days.
The fugitive information should be, and hereby is dismissed. The writ is sustained and the relator is ordered released on such charge.
So that the record may be clear, at the hearing a determination on the admissibility of an affidavit of Peter Meisels was deferred. Although this proceeding is summary in nature, the exhibit was excluded.