OPINION OF THE COURT
Harry Edelstein, J.
The petitioner brings a habeas corpus proceeding to vacate a warrant issued by the Governor of the State of New York on *305 the ground that it was not issued within the 90-day statutory period from the time of her original arrest.
The petitioner had been arrested in the City of New York on July 16, 1975, for the alleged commission of grand larceny and possession of a hypodermic instrument. She had pleaded guilty to unauthorized use and was sentenced to $250 or 30 days in the city jail. On August 30, 1975, a fugitive warrant was lodged against her in New York County. She was released on $1,000 bail and was to return to court on September 4, 1975. She failed to appear and a bench warrant was issued. On or about September 15, 1977, she was rearrested on the fugitive warrant and remanded. The court records indicated that the State of Missouri authorities should be notified. On September 16, 1977, she was placed on $1,000 bail, appeared again in court on September 21, 1977, and October 18, 1977. The court again recommended that the correspondence unit notify the State of Missouri to proceed with the Governor’s warrant. Finally, when nothing was done on November 29, 1977, the case against the petitioner was dismissed since no Governor’s warrant was received.
On or about December 15, 1977, she was again arrested in the Town of Clarkstown, Rockland County, New York, on a number of misdemeanor counts of petty larceny and criminal possession of stolen property, third degree. On December 16, 1977, a fugitive warrant was again lodged against the petitioner in the Town of Clarkstown. She was arrested on all charges and released on $1,000 bail on January 3, 1978.
The Governor of the State of New York issued his warrant on February 1, 1978, to the Sheriff of Rockland County, New City, New York, directing him to arrest and secure the accused and to see that she is delivered to agents of the State of Missouri at the request of the Governor.
CPL 570.36 mandates a local criminal court "by a warrant reciting the accusation” to commit the "fugitive” to the county jail for a period of not exceeding 30 days. The purpose is to permit the arrest of the accused "under a warrant of the governor on a requisition of the executive authority of the state having jurisdiction of the offense”.
CPL 570.40 permits the local criminal court to discharge the fugitive from custody or bond or to recommit him for a further period of 60 days, "[i]f the accused is not arrested under warrant of the governor”.
These two sections set a 90-day time limit within which the *306 Governor of Missouri must require the Governor of New York to deliver the "fugitive” to officers from Missouri. It is apparent that this 90-day limit would be the maximum time that the fugitive could be detained or held on bail. At the end of the 90 days, if no extradition proceeding has been instituted, the accused still remains a "fugitive” and is not immunized from extradition in the future. (People v Williams, 89 Misc 2d 269.)
In the Williams case, the court cites People ex rel. Green v Nenna (53 Misc 2d 525, affd 24 AD2d 936, affd 17 NY2d 815). Counsel raised a parallel issue, i.e., that the court had lost jurisdiction because the 90-day limit had long expired.
Mr. Justice Davidson in Green, supra, pp 526-527) stated:
"Relator urges that by reason of his detention beyond the 90 days set forth in the statute, supra, the court has lost jurisdiction of his person. There is no authority for this contention. While it is true that any time beyond the 90 days aforementioned and prior to the Governor’s mandate, the relator could have demanded his release. Nevertheless, at any time, upon receipt of the mandate, it is the court’s obligation to turn him over to the agents of the demanding State.
"The relator is presently before the court. The court has jurisdiction of his person and a mandate from the State of California which is recognized and acceded to by the Governor of the State of New York. While the statutes afore-mentioned limit the time for which he may be held awaiting the instant procedure, the expiration of the time limitation is not a bar to extradition.”
CPL 570.62 provides: "Non-waiver by this state Nothing in this article contained shall be deemed to constitute a waiver by this state of its right, power or privilege to try such demanded person for offenses committed within this state, or of its right, power or privilege to regain custody of such person by extradition proceedings or otherwise for the purpose of trial, sentence or punishment for any offense committed within this state, nor shall any proceedings had under this article which result in, or fail to result in, extradition be deemed a waiver by this state of any of its rights, privileges or jurisdiction in any way whatsoever.”
The identical section has been enacted into law in the State of Missouri as section 548.270 of Criminal Procedure.
Both New York and Missouri are not prevented from de *307 manding the other State to extradite the "fugitive” even after the 90-day period.
The petitioner cites People ex rel. Linaris v Weizenecker (89 Misc 2d 814) in support of her argument that the Governor’s warrant should be vacated. In that case, the court held that where a "fugitive” was detained on a "fugitive” information for 90 days, pending the issuance of a warrant by the Governor for his extradition, and none was forthcoming, he could not be held in another county for another 90 days based on the same facts. That case should be distinguished from the petition before this court. In Weizenecker, the Governor never issued a warrant and the fugitive information was properly dismissed.
In the present case, the Governor has issued a warrant directing the Sheriff of Rockland County to apprehend the petitioner and turn her over to the authorities from the State of Missouri.
In People ex rel. Keesee v Warden (51 AD2d 756, 757) the Appellate Division, Second Department, stated: "[E]ven though petitioner had been previously released, he remains a fugitive from justice within the meaning of the Federal Constitution and the statutes permitting extradition; he is not immune from extradition”.
In People ex rel. Spence v Sheriff (44 AD2d 867, 868) the Appellate Division, Third Department, stated: "[e]ven conceding that petitioner was held illegally * * * immunity from * * * extradition proceeding was not thereby vitiated” (citation omitted).
Accordingly, the writ of habeas corpus is denied and it is ordered that the petitioner shall surrender to the Sheriff of Rockland County to be returned to the State of Missouri.