State of Vermont v. Austin E. Dickerman

[388 A.2d 385]

No. 344-77

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed June 6, 1978

M. *Jerome Diamond*, Attorney General, *Richard A. Unger*, Special Assistant Attorney General, Montpelier, *John S. Liccardi*, Rutland County State's Attorney, and *Stephen A. Dardeck*, Deputy State's Attorney, Rutland, for Plaintiff.

*Robinson E. Keyes* and *Allan R. Keyes* of *Ryan, Smith & Carbine, Ltd.*, Rutland, for Defendant.

**Per Curiam.** Appellant was tried by court below and convicted on a Uniform Traffic Citation, alleging motor vehicle speeding on Route U.S. 7 in the Town of Rutland, 80 m.p.h. in a posted 50 m.p.h. zone. The evidence showed the violation to have occurred some 1.5–1.7 miles north of the location recited in the summons, a chase of some five miles prior to stopping the defendant at that point, through a uniformly posted 50 m.p.h. zone, and uncontroverted, substantial proof of the alleged speed. At the close of the evidence, the State moved successfully to amend the citation, under V.R.Cr.P. 7; defendant's motion to dismiss and subsequent motion for acquittal were denied. He rested without putting in any evidence.

The cause is governed by the general principles laid down in *State* v. *Christman*, 135 Vt. 59, 370 A.2d 624 (1977). Given the continued chase through a uniformly posted zone, we are of the view that the original citation sufficiently apprised defendant of the charge against him, without the need of pinpoint precision. He was given notice of the essential elements of the charge with sufficient clarity and certainty. *A fortiori*, no prejudice to his rights resulted from allowance of the amendment. V.R.Cr.P. 7 (d). Our conclusion in this respect is strengthened by the failure of defendant to move for the continuance to which he would have been entitled upon a showing of such prejudice.

*Judgment affirmed and cause remanded for sentence.*