■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT BRANDOLINO, Respondent, v RICHARD P. HASTINGS, as Warden of the Dutchess County Jail, et al., Appellants.—In a habeas corpus proceeding, the appeal is from a judgment of the County Court, Dutchess County, dated June 27, 1979, which granted the writ and ordered the petitioner's release from custody. Judgment reversed, on the law, without costs or disbursements, proceeding dismissed and petitioner is directed to surrender himself to the appellants. In November, 1978 the petitioner was arrested in New York State as a fugitive from Kansas, where he is charged with having committed theft by deception, as a "D" felony (issuing two bad checks, each in an amount in excess of $50). Pursuant to a requisition from the Governor of Kansas, a Governor's warrant was issued on February 12, 1979 for purposes of extraditing the petitioner to Kansas. On February 28, 1979 the petitioner was arraigned on the Governor's warrant. Subsequently, a petition for a writ of habeas corpus was brought which alleged, *inter alia,* that the Governor's warrant was not issued within the time limitations of CPL 570.36 and 570.40, and that therefore the extradition proceeding must be dismissed. The County Court agreed that the warrant was not timely and directed that the petitioner be released. We reverse. CPL 570.36 and 570.40 are primarily designed to insure that an accused is not indefinitely detained in the absence of State action toward extradition. Thus, an accused who has not been arrested pursuant to a Governor's warrant within 90 days of his detention, may demand to be released. However, CPL 570.36 and CPL 570.40 do not immunize the accused from extradition *(People ex rel. Spence v Sheriff of County of Rensselaer,* 44 AD2d 867; *People ex rel. Keesee v Warden of Rikers Is. Adolescent Detention Center,* 51 AD2d 756) and upon receipt of a Governor's warrant, the sections lose all effect and cannot interfere with the court's obligation to comply with the requisition *(People ex rel. Green v Nenna,* 53 Misc 2d 525, affd 24 AD2d 936, affd 17 NY2d 815). In the instant matter, the accused was duly arrested pursuant to the Governor's warrant prior to the filing of the writ of habeas corpus. Consequently, the violation, if any, of CPL 570.36 and 570.40, may not bar extradition. We note that the other allegations made in the petition have been considered and are without merit (see *Michigan v Doran,* 439 US 282, 288-289). Rabin, J. P., Cohalan, Margett and Gibbons, JJ., concur.