## No. 28360

**Wesley Massey v. William Wilson, superintendent, Colorado State Penitentiary, and John Vernetti, Sheriff, Fremont County, Colorado**

(605 P.2d 469)

Decided January 21, 1980.     Petition for modification granted January 28, 1980. Opinion modified accordingly.

J. Gregory Walta, State Public Defender, Nicholas R. Massaro, Jr., Deputy, Michael Heher, Deputy, for petitioner.

J. D. MacFarlane, Attorney General, Richard F. Hennessey, Deputy, Mary J. Mullarkey, Solicitor General, Anthony M. Marquez, Assistant Attorney General, Litigation Section, for respondents.

*En Banc.*

JUSTICE DUBOFSKY delivered the opinion of the Court.

This is an appeal from an order by the District Court of Fremont County discharging a writ of habeas corpus. Petitioner Massey sought the writ to challenge his extradition to Nebraska as ordered by a Colorado governor's warrant dated June 21, 1977. Because we find that the Nebraska request for extradition was withdrawn and not properly reinstituted, we reverse.

Petitioner escaped from the Colorado State Penitentiary on April 25, 1977 and allegedly went to Nebraska. A Nebraska arrest warrant issued on May 24, 1977 charged petitioner with first degree murder committed while robbing a guest at a Ramada Inn in Omaha on May 23.

Petitioner was arrested in Colorado Springs on May 26, 1977, and held on a fugitive warrant. He was transferred back to the Penitentiary in Canon City on June 28, 1977, with the Colorado governor's warrant based on a June 14 extradition request from the Nebraska Governor. At the time he was served with the governor's warrant, criminal escape charges were pending in Fremont County. For that reason, the Governor suspended the governor's warrant until the Colorado criminal proceedings were resolved. Following conviction on escape and habitual criminal charges, petitioner was sentenced to life imprisonment. The governor's warrant ordering extradition was reinstated on November 22, 1977 and petitioner filed a petition for a writ of habeas corpus on December 29, 1977.

The writ issued and a hearing was held on January 20, 1978. Following the hearing, briefs were filed by both parties and on June 19, 1978 the trial court issued an order discharging the writ and ordering that petitioner be turned over to Nebraska authorities. That order was stayed pending appeal.

Petitioner asks us to consider (1) whether there was probable cause to support the governor's warrant; (2) whether the governor's warrant was invalid because a facsimile signature of Governor Lamm was used; (3) whether the delegation of authority to decide if a governor's warrant should issue was proper; and (4) whether the extradition proceedings should have been terminated when the Nebraska Governor withdrew his request for extradition. Because we find that there was no basis for the governor's warrant once the extradition request was withdrawn, we need not address petitioner's other issues.

When the attorney for the petitioner reviewed the Governor's file on Massey's extradition, he discovered a letter of May 2, 1978 from Adele Hanson, Extradition Secretary to Governor Exon of Nebraska, to the Extradition Secretary of the Governor of Colorado

"requesting the return of [the] Governor's warrant for the extradition of Mr. Wesley Massey.

. . . .

We would appreciate your terminating the extradition proceedings on Mr. Massey at your earliest convenience."

This letter was sent between the January 20, 1978 hearing on petitioner's habeas corpus petition and the issuance of the trial court's order on June 19, 1978. The trial court was not advised of the letter. Petitioner argues that the letter terminated the extradition proceeding and the subsequent court order was a nullity.

■ The validity of the request depends on the power of Nebraska to withdraw its demand for extradition and the sufficiency of the May 2, 1978 letter to accomplish that withdrawal. Although written by the Extradition Secretary, the letter states it was written at the request of the Governor of Nebraska,[1] and its language is clear: the Governor of Nebraska asks that the extradition papers be returned to Nebraska and that the extradition proceedings be terminated as soon as possible. The letter withdrew the extradition demand.

■ Nothing in the law of extradition prevents Nebraska from making a unilateral decision to terminate extradition proceedings. The United States Constitution (art. IV, §2) gives Nebraska the right to obtain the return of a fugitive who has fled to a sister state. The Colorado Extradition Act, sections 16-19-101, *et seq.*, C.R.S. 1973 (1978 Repl. Vol. 8), provides the procedures to be followed in Colorado to implement Nebraska's constitutional right. Since the right to obtain extradition of the fugitive rests with the State of Nebraska, that state can also decide that it does not want to exercise its right at any time before the prisoner is

---

[1] Respondents concede that Nebraska "officially requested" the return of the extradition documents. Answer Brief, p. 9.

returned.

The fact that the extradition proceeding was well underway does not prevent the State of Nebraska from deciding to withdraw the extradition demand. The effect of the withdrawal should have been to immediately terminate the proceedings. The Governor of Colorado had no jurisdiction to act without the papers from Nebraska before him. In *Matthews v. People,* 136 Colo. 102, 314 P.2d 906 (1957), this Court held that the Governor had no inherent powers of arrest and surrender and that he will be acting as a volunteer unless a request or demand for extradition from a sister state provides the necessary authority. *See also In re Roessel,* 136 Vt. 320, 388 A.2d 835 (1978) (one aspect of the inquiry at the habeas corpus hearing is whether the requisition request is still in effect); *Conrad v. McClearn,* 166 Colo. 568, 445 P.2d 222 (1968) (the Governor of Colorado must have a lawful demand or request before surrendering one who has committed a crime in another state). Once the Governor received the withdrawal from Nebraska, the district court should have been notified and the proceedings on the warrant terminated.

One issue remains. This case was further complicated on February 21, 1979, when Charles Thone, the present Governor of Nebraska, wrote to the Governor of Colorado requesting reinstatement of the extradition proceedings against Massey. Governor Thone explained that the letter of May 2, 1978 was sent because then Governor Exon wished to proceed under the Detainer Act rather than the Extradition Act. In response to Governor Thone's letter, the Governor of Colorado on March 7, 1979 issued an Executive Order reinstating the warrant of June 21, 1977. Section 16-19-122, C.R.S. 1973 (1978 Repl. Vol. 8). Petitioner challenges this "reinstatement" of the original warrant.

We find that although Nebraska could reinstitute the extradition proceeding, the attempt to do so in this case was ineffective.

Nebraska did not foreclose reinstatement of the extradition proceedings in the letter of May 2, 1978. A state waives its right to extradition of an accused only when there has been a clear manifestation of an intent to do so. *Gottfried v. Cronin,* 192 Colo. 25, 555 P.2d 969 (1976). When the charge is first degree murder the requirement for a clear manifestation means that the intent to waive the right must be expressly stated. The letter of May 2 simply indicates that Nebraska chose to end the particular proceedings; there is no indication of an intent to abandon extradition of the petitioner.

Even though Nebraska has not waived its extradition rights, reinstitution of the original warrant is not proper in this proceeding at this stage. Habeas corpus proceedings to consider the validity of an extradition warrant are summary proceedings with a limited purpose. The only questions which may be presented to the court by the habeas corpus petition are whether the prisoner is lawfully detained and whether the

requirements of extradition have been met. *See North v. Koch,* 169 Colo. 508, 457 P.2d 915 (1969). A dismissal of the extradition proceeding does not prevent the state from later reinstituting the matter. *In re Maldonado,* 364 Mass. 359, 304 N.E.2d 419 (1973); *Commonwealth ex rel. McCaine v. Gedney,* 237 Pa.Super. 499, 352 A.2d 72 (1975). When the prisoner is released because the demanding state or the asylum state has failed to comply with statutory or constitutional requirements, the prisoner remains a fugitive from the demanding state and subject to that state's constitutional right to demand his return. *Jones v. People,* 94 Misc.2d 304, 404 N.Y.S.2d 525 (1978). *See Batton v. Griffin,* 240 Ga. 450, 241 S.E.2d 201 (1978).

Nebraska and the Governor of Colorado may institute new extradition proceedings for Massey, but the issue before us is the decision of the trial court on the writ of habeas corpus. The record indicates that the trial court's order discharging the writ was a nullity because at the time of that decision there was no valid demand from the State of Nebraska.

We therefore reverse the trial court's order and remand with directions for further proceedings not inconsistent with this opinion.