**Woody Ray SIMMONS,**
**Petitioner-Appellant,**

v.

**Brad LEACH, Sheriff of Boulder County,**
**State of Colorado,**
**Respondent-Appellee.**

**No. 80SA299.**

Supreme Court of Colorado,
En Banc.

March 23, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for petitioner-appellant.

G. Paul McCormick, Boulder, for respondent-appellee.

ROVIRA, Justice.

The petitioner, Woody Ray Simmons, appeals from the district court's discharge of his writ of habeas corpus and the order requiring his extradition to the State of North Carolina. We affirm the district court.

Simmons was first arrested by Colorado authorities as a fugitive from justice on May 23, 1979. Having been released on bail pending the issuance of the Colorado governor's warrant, he was ordered to be discharged on June 22, 1979, because no communication from the demanding state, North Carolina, had yet been received. Such an order dismissing extradition was within the discretion of the court which heard the matter, pursuant to section 16–19–118, C.R.S. 1973 (1978 Repl. Vol. 8).

On September 11, 1979, Simmons was again arrested and served with the Colorado governor's warrant and the North Carolina governor's requisition documents. He stands charged by indictment for various offenses under the foreign state's law relating to the possession and sale of illegal drugs.

The petitioner alleges that his discharge on June 22, 1979, bars any further extradition attempts by the foreign state, that North Carolina's delay in processing required documents under these circumstances precludes extradition, and that the form of demand and its accompanying documents are defective. We do not agree.

North Carolina's right to demand the petitioner's extradition derives from the United States Constitution, art. IV, sec. 2(2), and from the Uniform Criminal Extradition Act, section 16–19–101 et seq., C.R.S. 1973 (1978 Repl. Vol. 8). The petitioner has presented no affirmative evidence that North Carolina intended to waive jurisdiction over him. A waiver of jurisdiction to extradite will not be found unless it is the foreign state's manifest intent. Gottfried v. Cronin, 192 Colo. 25, 555 P.2d 969 (1976). Thus, despite his initial discharge from this state's custody on June 22, 1979, Simmons remained a fugitive from justice from North Carolina subject to its right to reinstate extradition. See Massey v. Wilson, Colo., 605 P.2d 469 (1980). The foreign state has pursued its right. After a valid governor's warrant has been issued and served, any illegalities and irregularities which relate to the initial arrest of the fugitive become moot. White v. Leach, 188 Colo. 62, 532 P.2d 740 (1975).

Though perhaps North Carolina's actions in the earlier proceeding "indicate a lack of eager pursuit of a fugitive or an arguable lack of interest in his return," it has not lost its right to bring him back. Schoengarth v. Bray, Colo., 615 P.2d 655, 656 (1980). It has presented its formal demand in due course. Whether the petitioner has been denied his constitutional right to a speedy trial or whether his constitutional right to due process has been substantially prejudiced by the demanding state's initial delay in proceeding with extradition are questions to be raised and answered in that state's courts. Such issues are not justiciable here in a habeas corpus action grounded upon a demand for extradition. Buffalo v. Tanksley, 189 Colo. 45, 536 P.2d 827 (1975). See Pickinpaugh v. Lamm, 189 Colo. 143, 538 P.2d 113 (1975); Holmes v. People, 169 Colo. 371, 456 P.2d 731 (1969).

Courts in an asylum state have no duty to inquire into the substantive law and pleading practices of the demanding state. Lovato v. Johnson, Colo., 617 P.2d 1203 (1980). Here the formal demand for extradition included copies of a number of separate indictments. An indictment is included as one of the alternative documents which may be presented for extradition pursuant to section 16–19–104, C.R.S. 1973 (1978 Repl. Vol. 8). When the present indictments are read in light of their accompanying material, they leave no doubt about the nature of the charges for which the petitioner is sought. This is all the form of demand must accomplish to meet the statutory standard. Dulac v. Miller, 195 Colo. 275, 577 P.2d 761 (1978).

Petitioner's other contentions are without merit. His challenge to the technical sufficiency of the indictments may be addressed in the demanding state. See Lovato v. Johnson, supra; Burleson v. Miller, 196 Colo. 28, 580 P.2d 793 (1978).

The only questions which may be presented to the trial court by habeas corpus are (1) whether the petitioner is lawfully detained and (2) whether the requirements of extradition have been met. Massey v. Wilson, supra. The trial court answered these questions in the affirmative and discharged the petition.

We affirm the order of the district court discharging the writ of habeas corpus.