[Crim. No. 39110. Second Dist., Div. Five. Dec. 3, 1981.]

THE PEOPLE, Plaintiff and Appellant, v.
BART CARLO TRAVAGLINI, Defendant and Respondent.

COUNSEL

John K. Van de Kamp, District Attorney, Donald J. Kaplan and John W. Messer, Deputy District Attorneys, for Plaintiff and Appellant.

Frederic J. Warner, under appointment by the Court of Appeal, for Defendant and Respondent.

OPINION

ASHBY, J.—Pursuant to Penal Code section 1382 the trial court dismissed a three-count information against defendant on the ground that defendant had not been brought to trial within 60 days of the filing of the information. The People appeal.

We reverse. The record shows the reason defendant was not brought to trial within 60 days is that he was extradited to another state and upon his release he thereafter failed to appear for the California proceedings. Under the circumstances, there was no denial of defendant's right to a speedy trial.

On August 2, 1979, defendant was arraigned on an information charging him with burglary, receiving stolen property and taking of a vehicle. He pleaded not guilty, and the matter was set for pretrial and trial setting for September 7.

On August 3 the police learned that defendant was wanted as a fugitive from Colorado. On August 8, 1979, defendant appeared in municipal court, was advised of his right to contest extradition and to require the issuance of a Governor's warrant, and in the presence of the magistrate he signed a waiver of extradition proceedings. (Pen. Code,

§ 1555.1.) Nothing was said about the pending California information. Defendant was released to Colorado authorities on approximately August 14.

On September 7, 1979, defendant's counsel appeared in court on this case and stated he was informed that defendant was extradited to Colorado. The deputy district attorney professed no knowledge, and was told by the court to check with his extradition section. A bench warrant was issued.

On November 7, 1979, the Los Angeles County District Attorney's office received a letter from defendant, incarcerated in the Summit County jail, Breckenridge, Colorado, demanding a speedy trial on the California charges. The request was routed through channels to a deputy district attorney who received it on November 19. When the deputy contacted Colorado authorities on November 27 to arrange for defendant to be returned to Los Angeles, he learned that defendant had just been released, and was allegedly on board a bus for San Francisco. San Francisco police were immediately notified of defendant's outstanding bench warrant but defendant was not on the bus.

Defendant was not arrested on the bench warrant until May 21, 1980. The bench warrant was recalled, but on June 27, 1980, defendant again failed to appear for a pretrial conference, and another bench warrant was issued. Defendant was picked up on that warrant on August 6, 1980.

On August 13, 1980, trial was set for September 23, 1980, defendant waiving time. Defendant moved to dismiss for denial of speedy trial and, after two continuances of the hearing on the motion, with time waivers by defendant, the court granted the motion on November 12, 1980. Defendant's theory was that the state should not have permitted defendant's extradition to Colorado while the California charges were pending, without securing an express waiver by defendant of his right to speedy trial. We disagree.

Penal Code section 1553.1 (which is § 19 of the Uniform Criminal Extradition Act) provides: "If a criminal prosecution has been instituted against such person under the laws of this State and is still pending, the Governor, with the consent of the Attorney General, *may surrender* him on demand of the executive authority of another State *or hold* him until he has been tried and discharged or convicted and served his sen-

tence in this State." (Italics added.) Thus, where a criminal prosecution has been instituted against the person in California, it is within the discretion of the Governor whether to surrender the defendant to the other state or to wait until the California proceedings have been completed. The choice is not the defendant's. (*People* v. *Albin* (1970) 9 Cal.App.3d 31, 36 [88 Cal.Rptr. 426].) After being extradited to the other state, the defendant has other reasonable procedures available to him to demand a speedy trial of the California charges. (See Pen. Code, § 1389 [interstate agreement on detainers].) In such circumstances it has been held not to be a denial of the right to speedy trial to leave the defendant in the other state's custody until he makes a request for disposition of the charges. (*People* v. *MacDonald* (1973) 36 Cal.App.3d 103, 113-116 [111 Cal.Rptr. 266]; *People* v. *Posten* (1980) 108 Cal.App.3d 633, 644 [166 Cal.Rptr. 661].) Here defendant did not request a speedy trial until by letter dated November 2, which was received by the district attorney's office on November 7. Defendant had said nothing about the pending California charges when he waived extradition. (*People* v. *Albin, supra*, 9 Cal.App.3d at pp. 35-36.)

Once defendant requested a speedy disposition of the California case, the People acted promptly. (*People* v. *MacDonald, supra*, 36 Cal.App. 3d at p. 111; cf. *Zimmerman* v. *Superior Court* (1967) 248 Cal.App.2d 56, 58 [56 Cal.Rptr. 226].) The People contacted the Colorado authorities within about three weeks, only to learn that defendant had been released. Defendant thereafter failed to appear for the California proceedings until arrested on the bench warrant. (See *People* v. *Albin, supra*, 9 Cal.App.3d at p. 36.) Once defendant was picked up on the bench warrant, there was no improper delay in setting trial, taking into account defendant's additional failure to appear and second bench warrant pickup, and his time waivers.

The order of dismissal is reversed.

Stephens, Acting P. J., and Hastings, J., concurred.