**Maynard JACOBSON,**
**Petitioner-Appellant,**

v.

**Pat SULLIVAN, Sheriff of Arapahoe**
**County, Colorado,**
**Respondent-Appellee.**

**No. 83SA339.**

Supreme Court of Colorado,
En Banc.

July 1, 1985.

Rehearing Denied Aug. 19, 1985.

**1294**

David F. Vela, Colorado State Public Defender, Doug Wilson, Deputy State Public Defender, Denver, for petitioner-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Solicitor Gen., Patricia Wallace, Asst. Atty. Gen., Denver, for respondent-appellee.

KIRSHBAUM, Justice.

Petitioner appeals the trial court's order discharging a writ of habeas corpus issued upon a petition contesting extradition proceedings filed against petitioner. We affirm.

On October 5, 1982, petitioner was arrested in Arapahoe County, Colorado, on the basis of a warrant alleging that petitioner was a fugitive from Minnesota.[1] On October 7, 1982, petitioner was released on bond and the case was continued until October 15, 1982. Subsequently, the case was continued to December 17, 1982. On December 1, 1982, pursuant to a request for extradition to Minnesota, the Governor of Colorado executed a governor's warrant authorizing such extradition.

Petitioner failed to appear for the December 17, 1982, hearing. The trial court immediately revoked petitioner's bond and issued a warrant for his arrest. In 1983, unrelated charges of criminal conduct committed in Colorado were filed against petitioner in Arapahoe County.

On April 19, 1983, petitioner was taken into custody. He appeared before the trial court on the following day, at which time his attorney stated that petitioner had been served with the governor's warrant the previous night. The trial court ordered a stay of execution of the governor's warrant until April 22, 1983, and ordered petitioner to be held without bond. On April 22, petitioner filed a petition for a writ of habeas corpus challenging his extradition. A hearing was set for April 27, 1983, which

was continued to May 11, 1983. Petitioner remained incarcerated without bond.

On May 11, 1983, defense counsel stated that she had been informed that the Governor of Colorado was going to temporarily withdraw the governor's warrant until the Colorado criminal charges still pending against petitioner were resolved. The hearing was continued to May 20, 1983, and the court noted that if the governor's warrant were withdrawn prior to that date petitioner's prior bond would be reinstated.[2] On May 13, 1983, the Governor issued an executive order which stated that pursuant to sections 16–19–120 and 16–19–122 of the Colorado Revised Statutes, the warrant for the arrest of petitioner would be "temporarily withdrawn and held in abeyance so that local charges may be resolved." The order further stated that "[t]he warrant will be reinstated when local charges are resolved." On May 20, 1983, the executive order was filed with the trial court, the case was continued to July 1, 1983, and petitioner was remanded.

On July 1, 1983, the Colorado criminal charges pending against petitioner were dismissed upon motion of the district attorney. The trial court then continued the habeas corpus hearing to July 7, 1983, and continued petitioner's bond to that date. On July 7, 1983, the court granted a request by petitioner for a stay of execution of the governor's warrant to permit petitioner to file an amended petition for writ of habeas corpus. An amended petition challenging the trial court's jurisdiction was filed, and the matter was finally argued on July 13, 1983. At the conclusion of that hearing, the trial court initially concluded that it should not have set a bond for petitioner on May 11. The trial court then concluded that "[i]mmediately upon dismissal of the local charges, the Governor's Warrant would become effective again under the terms of the executive order of May 13, 1983." The trial court

---

1. The warrant was based on an information charging petitioner with two counts of theft in Hennepin County, Minnesota.

2. The minute order of this proceeding suggests that a bond in the sum of $50,000 was actually set at this hearing.

discharged the writ of habeas corpus and ordered execution of the governor's warrant. This appeal followed.

Petitioner contends that the trial court had no jurisdiction to detain him after the dismissal of the Colorado criminal charges on July 1, 1983, because, in the absence of a new governor's warrant, petitioner should have been discharged from custody.[3] We disagree.

Authority for the arrest and extradition of persons charged with criminal acts who flee the jurisdiction in which such charges are pending is found in the United States Constitution, as follows:

A person charged in any state with treason, felony or other crime, who shall flee from justice, and be found in another state, shall, on demand of the executive authority of the state from which he fled, be delivered up, to be removed to the state having jurisdiction of the crime.

U.S. Const. art. IV, § 2, cl. 2. In 1793, Congress enacted the Uniform Extradition Act,[4] which placed the duty of extradition in the executive authority of the asylum state. *See* Abramson, *Extradition in America: Of Uniform Acts and Governmental Discretion,* 33 Baylor L.Rev. 793 (1981). In Colorado, procedures for extradition of fugitives are governed by the Uniform Criminal Extradition Act (UCEA). *See* §§ 16–19–101 to –133, 8 C.R.S. (1978 & 1984 Supp.).

■ Section 16–19–116, 8 C.R.S. (1978), provides that if it appears to the trial court that a person held is a person charged with being a fugitive, that person may be committed to the county jail for a period of time not to exceed thirty days, pending the issuance of a governor's warrant, or may be admitted to bail. Section 16–19–118, 8 C.R.S. (1978), permits the trial court to extend the period of pre-warrant confinement for an additional sixty days. A person may not be incarcerated more than ninety days from the date of the person's initial advisement in the absence of the issuance of a governor's warrant. *See Schumm v. Nelson,* 659 P.2d 1389 (Colo. 1983).

Section 16–19–103, 8 C.R.S. (1978), provides in pertinent part that the state's chief executive has a duty

to have arrested and delivered up to the executive authority of any other state of the United States any person charged in that state with treason, felony, or other crime, who has fled from justice and is found in this state.

A governor may, however, investigate any demand for extradition, § 16–19–105, 8 C.R.S. (1978), and retains the discretion to comply with or to reject a demand for extradition. *Id.* § 16–19–108. These provisions implicitly recognize that a governor retains some measure of executive discretion in implementing particular provisions of the UCEA.

■ Express recognition of discretion in the office of the chief executive to implement provisions of the UCEA is found in sections 16–19–120 and 16–19–122, 8 C.R.S. (1978). The former section states as follows:

**Persons under prosecution when demanded.** If a criminal prosecution has been instituted against a person under the laws of this state and is still pending, the governor, in his discretion, subject to such criminal prosecution, either may surrender him on demand of the executive authority of another state or hold him until he has been tried and discharged or convicted and punished in this state.

Section 16–19–122 recognizes the discretion of the Governor to "recall his warrant of arrest or ... issue another warrant when-

---

**3.** Petitioner actually argues that on May 13, 1983, the governor's warrant was "withdrawn" and that in the absence of the issuance of a new warrant within ninety days of that date petitioner was entitled to be discharged from custody. Although such argument was premature on July 15, 1983, we address the issue assumed in this contention—that the Governor has no authority to withdraw temporarily by executive order a previously issued governor's warrant.

**4.** Act of February 12, 1793, ch. 7, 1 Stat. 302 (current version at 18 U.S.C. § 3182 (1982)).

ever he deems proper." By its terms, section 16–19–120 applies to situations in which criminal charges have been filed in the asylum state against an accused at some point in time prior to a demand by another state for the extradition of the accused. *See, e.g., People v. Travaglini,* 126 Cal.App.3d 382, 178 Cal.Rptr. 751 (1981); *In re Ierardi,* 366 Mass. 640, 321 N.E.2d 921 (1975); *People ex rel. Linaris v. Weizenecker,* 89 Misc.2d 814, 392 N.Y.S.2d 813 (1977). Although inapplicable to the circumstances of this case, this statutory provision recognizes the discretionary authority of the Governor to hold an accused prior to the issuance of the governor's warrant until Colorado criminal charges filed against the accused are resolved. In many cases the period of confinement under such executive hold may well exceed the ninety-day period of custody permitted by sections 16–19–116 and 16–19–118 for confinement prior to the issuance of a governor's warrant. Thus, the ninety-day period does not constitute an absolute maximum period of time beyond which no warrant may issue. *Cf. Buffalo v. Tanksley,* 189 Colo. 45, 536 P.2d 827 (1975).

■ In view of the reliance upon executive discretion impliedly and expressly recognized by the UCEA, we conclude that under section 16–19–122 the Governor retains discretion to exercise executive authority to suspend until a future date the effect of a previously executed warrant for such period of time as reasonably may be necessary to resolve local criminal charges filed against the accused after the issuance of the governor's warrant. Such construction recognizes an authority complementary to the authority expressly granted to the Governor by section 16–19–120 to order the confinement of an accused prior to the issuance of the governor's warrant when local charges are pending at the time a demand for extradition is made. A contrary construction of section 16–19–122 would produce irrational and absurd consequences—a result to be avoided when possible. *See Allen v. Charnes,* 674 P.2d 378 (Colo.1984). We find no reason in policy or

in the provisions of the UCEA to require the Governor to formally withdraw and then reissue the governor's warrant in this case to accomplish what was a reasonable and appropriate executive objective—the resolution of recently filed Colorado charges before the delivery of the petitioner to agents of the State of Minnesota.

Petitioner relies upon *Massey v. Wilson,* 199 Colo. 121, 605 P.2d 469 (1980), and *Simmons v. Leach,* 626 P.2d 164 (Colo. 1981), to support his argument. In *Massey,* the defendant was arrested in Colorado and held on a fugitive warrant based upon an extradition request from the Governor of Nebraska. At the time of the arrest, criminal escape charges were pending against the defendant in this state. The Governor of Colorado then suspended the governor's warrant until the Colorado criminal proceedings were resolved. When the accused was convicted and sentenced on the Colorado charge, the governor's warrant was reinstated. The accused filed a petition for writ of habeas corpus and during the habeas corpus proceeding it was discovered that the Governor of Nebraska had withdrawn the request for extradition of the defendant to that state. In such circumstances, we concluded that the trial court erred in discharging the writ because once the extradition request was withdrawn there was no basis for any governor's warrant. The extradition request of the Governor of Minnesota in this case has never been withdrawn, and the withdrawal of the governor's warrant in question here was a temporary withdrawal until the occurrence of a specified event. *Massey* is thus distinguishable from the circumstances here present.

In *Simmons,* the defendant was arrested as an accused fugitive and released on bail pending the issuance of a Colorado governor's warrant. When the demanding state failed to request the defendant's extradition within thirty days of that date, he was discharged from custody. Several months later the defendant was served with a governor's warrant based upon a new extradition demand. In considering the defend-

ant's challenge to his second arrest, we held that, absent a waiver of jurisdiction to extradite, petitioner remained a fugitive from justice subject to extradition at any time. In effect, *Simmons* is authority for rejecting, rather than accepting, petitioner's argument here.

■ We conclude that the authority granted to the Governor by section 16–19–122, 8 C.R.S. (1978), to recall and reissue warrants "whenever it is deemed proper," when considered in conjunction with the authority conferred upon the Governor by section 16–19–120, 8 C.R.S. (1978), to hold an accused pending resolution of local criminal charges filed prior to a demand for extradition, includes the authority to temporarily withhold and conditionally reactivate a previously issued governor's warrant. Accordingly, the order of the trial court is affirmed.