OPINION OF THE COURT
Frank J. LaBuda, J.
This matter is before the court to determine whether the defendant should be extradited to the State of Florida.
On or about September 6, 2009, defendant was arrested for burglary in the third degree, at which time it was ascertained that there was an outstanding warrant for his arrest from Orange County, State of Florida. On September 6, 2009, defendant was arraigned in the Village of Monticello Justice Court on the charges of burglary in the third degree and fugitive from justice. He was held without bail and counsel was assigned to represent him.
On March 19, 2010, defendant pleaded guilty to criminal trespass in the second degree in satisfaction of the burglary charge and sentenced to one year in the Sullivan County Jail, with credit for time served.
During the entire pendency of these charges, defendant did not make any application for bail in either the Justice Court or the County Court.
On April 30, 2010, in anticipation of defendant’s discharge on completion of his criminal trespass sentence, defendant was brought before the County Court on the charge of fugitive from justice. The matter was adjourned to May 4, 2010 for a status report on whether Florida would proceed with extradition.
On May 4, 2010, defendant was discharged from his sentence on the criminal trespass in the second degree and appeared again before this court. This time, defendant did not waive extradition and applied for release on his own recognizance. The People opposed the motion. The matter was adjourned to May 28, 2010 for decision.
Defendant argues that he has been held for more than the 90 days allowed by CPL 570.40 since his arrest and Justice Court arraignment on September 6, 2009; and, therefore, pursuant to *651 his constitutional rights to due process of law, he must be released forthwith.*
“Extradition is mandated by the Federal Constitution (US Const, art IV § 2, cl 2), Federal statute (18 USC § 3182), and State law (CPL 570.06). The explicit language of the Extradition Clause furthers its intended purpose to enable the several States to try offenders in the respective States where alleged offenses are committed (Puerto Rico v Branstad, 483 US 219, 226-227; Michigan v Doran, 439 US 282, 287; Biddinger v Commissioner of Police of City of New York, 245 US 128, 132), and ‘to preclude any state from becoming a sanctuary for fugitives from justice of another state’ (Michigan v Doran, supra, at 287; Biddinger v Commissioner of Police, supra, at 132-133).” (People ex rel. Strachan v Colon, 77 NY2d 499, 501-502 [1991].)
CPL 570.36 allows a person brought before a local criminal court, either on a warrant pursuant to CPL 570.32 or upon reasonable information that the accused stands charged in the courts of another state with a crime punishable by a term of imprisonment exceeding one year (CPL 570.34), to be held in the county jail for a period up to 30 days abiding a Governor’s warrant or requisition from the state having jurisdiction of the offense, unless the accused gives bail as set by the Supreme or County Court or until he is legally discharged; the initial 30 days may be extended for a further period not to exceed 60 days by the local criminal court or upon a further bond or undertaking set by a Supreme or County Court (CPL 570.40).
Pursuant to CPL 570.44, if a criminal prosecution has been instituted in this state against the accused and is pending, the Governor may either surrender him to the demanding state or hold him until he is tried and discharged or convicted and punished in this state (see also CPL 570.62).
Once a request is made by the demanding state and a Governor’s warrant is issued by the asylum state, delivery of the prisoner to the demanding state is mandatory (CPL 570.06 et seq.\ CPL 580.20, art V [a]; art IX [5]), unless successfully challenged by the accused in a writ of habeas corpus. Further,
*652 “a court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive” (Michigan v Doran at 289).
“The scheme of extradition, as set forth in both the Federal Constitution and the statutes implementing it, contemplates the prompt return of a fugitive as soon as the State from which [he] fled appropriately demands [his] return” (People ex rel. Little v Ciuros, 44 NY2d 825, 826 [1978]).
While the People should have produced the defendant in County Court within the 30-day window after his arraignment on the fugitive from justice charge, there is no harm in the error as the defendant was simultaneously held on the burglary and then the criminal trespass charge (see CPL 570.44, 570.62). Defendant remains a fugitive from justice within the Federal Constitution and extradition statutes and is not immune from extradition (see People ex rel. Keesee v Warden of Rikers Is. Adolescent Detention Ctr., 51 AD2d 756 [2d Dept 1976]; see also People ex rel. McKinnon v Infante, 108 AD2d 1026 [3d Dept 1985], lv denied 64 NY2d 612 [1985]). Defendant was also represented by counsel on all charges and chose not to request bail or release on the fugitive charge.
Under these circumstances, the defendant is not entitled to be released on his own recognizance at this time. As the defendant has been held for an additional period of 30 days pending this motion, the defendant is remanded for a final additional period of 30 days to June 29, 2010 to abide the issuance of the Governor’s warrant.
Based upon the above, it is ordered, that the motion of the defendant for release on his own recognizance, as requested, is denied and defendant is remanded to the Sullivan County Jail pursuant to CPL 570.40 until June 29, 2010 or issuance of the Governor’s warrant, whichever shall occur first.

 Defendant’s assertion of a violation of his rights pursuant to CPL 570.24, which requires that before he is released to an out-of-state agent, he must be brought before a court of record forthwith, is unavailing as there was no question in September of 2009 that he was about to be released to an out-of-state agent.