OPINION OF THE COURT
Larry M. Himelein, J.
On April 20, 2010, defendant was arrested for two counts each of sexual abuse in the first degree and endangering the welfare of a child. According to Town Court’s divestiture form, *484 bail was set and posted and defendant was held for grand jury action on May 4, 2010. He has since been indicted for two counts of sexual abuse in the first degree and two counts of endangering and a trial is scheduled.
On May 24, 2010, a fugitive information was filed, alleging that defendant had violated a probation sentence in Florida on charges of unlawful sexual activity with a minor. He was arraigned before Judge Nenno and remanded on the fugitive information. On July 2, 2010, defendant filed a habeas corpus petition seeking his release, which this court denied on July 6, 2010 and again on September 27, 2010. Defendant has asked me to issue a written decision.
This case is governed by CPL 570.44, which gives only the Governor the authority to order extradition in a case where the fugitive has criminal charges pending in New York. Both the Practice Commentaries and scant case law hold that this section gives the Governor of New York the “discretion to withhold extradition until completion of punishment in cases where criminal charges are pending against the defendant in this state at the time of a demand for extradition” (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 570.44, at 293; see also People v Maldonado, 28 Misc 3d 649 [Sullivan County Ct 2010]; People ex rel. Lynch v Warden of City Prison, 199 Misc 570 [Sup Ct, NY County 1951]).
On December 8, 2010,1 called the Governor’s Extradition Office and spoke to Carol Swan, who either works in or is in charge of the office. She explained that the Governor’s policy is to allow criminal cases in New York to run their course before extradition is ordered by the Governor. This policy seems to be both logical and efficient (although I understand defendant’s preference to face a violation of probation charge in Florida rather than criminal charges in New York in December).
Accordingly, defendant’s petition for release is denied.